951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Otto E. JENSEN, Plaintiff-Appellant,
v.
DAIN BOSWORTH, INC., a Delaware corporation; Basil
Andrikopoulos, Defendants-Appellees.
 No. 90-35797.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 1, 1991.
Decided Dec. 27, 1991.
 
 Before WALLACE, Chief Judge, and BEEZER and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Jensen appeals from the summary judgment entered in the district court in favor of Dain Bosworth, Inc. (Dain). The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review the district court's entry of summary judgment de novo (independently), in the light most favorable to the nonmoving party, to determine whether there exists any genuine issue of material fact and whether the district court properly applied the relevant substantive law. Chapman v. Westinghouse Electric Corp., 911 F.2d 267, 268 (9th Cir.1990). We affirm in part and reverse and remand in part.
 
 
 2
 The district court found that Jensen's release of all claims against Dain was unambiguous. A release is ambiguous only if, when read as a whole, its language is susceptible to differing interpretations. See Monte Vista Co. v. Anaconda Co., 231 Mont. 522, 529, 755 P.2d 1358, 1362 (1988). The release is broad and contains slight variations in word choice. However, when read as a whole, it is not ambiguous. It plainly releases all of Jensen's claims against Dain. Because there is no genuine issue of material fact with regard to the sufficiency of the release, the district court's summary judgment on this issue was correct.
 
 
 3
 Although the written release was sufficient to release Jensen's state law claims, more is required to release his federal securities claim. "A release is valid for purposes of federal securities claims only if the [releasors] had 'actual knowledge' that such claims existed." Burgess v. Premier Corp., 727 F.2d 826, 831 (1984) (citation omitted). Jensen submitted an affidavit that said he lacked actual knowledge of his Geothermal-based federal securities law claim when he signed the release. The district court apparently held as a matter of law that Jensen's affidavit was not credible and therefore insufficient to create a genuine issue of material fact.
 
 
 4
 Jensen signed the affidavit with the advice of counsel and after suffering a loss on Geothermal. As the district court suggests, it may indeed "strain[ ] the boundaries of reason to suggest that the release was not intended to encompass" Jensen's Geothermal-based federal claim. Jensen v. Dain Bosworth, CV 90-45-BLG-JDS at 6 (D.Mont. Sept. 6, 1990) (memorandum opinion and order granting summary judgment). Nonetheless, this is precisely what Jensen testified to under oath in his sworn affidavit. If he purposefully lied under oath, there are other avenues that may be pursued. But at this juncture, we are required to take the testimony in a light most favorable to Jensen. Although Jensen knew of his loss on Geothermal, he swore under oath that he did not know until after signing the release that he had a federal securities claim based on that loss. Jensen's affidavit sufficiently supports his contention that he had no "actual knowledge" of his Geothermal-based federal securities claim. See Burgess, 727 F.2d at 831. Whether Jensen's affidavit is credible is an issue for the trier of fact. Therefore, the district court erred by granting summary judgment to Dain on the federal securities claim.
 
 
 5
 Dain suggests that we reverse Burgess or limit its application to the cases concerning waiver. This we cannot do. Only if this court sat en banc could we overturn Burgess. See Long v. Bureau of Economic Analysis, 646 F.2d 1310, 1320 (9th Cir.), vacated and remanded on other grounds, 454 U.S. 934 (1981). Its requirement of "actual knowledge" is so broadly stated that we cannot say it was intended to apply only to the factual situation it confronted. Burgess controls this case.
 
 
 6
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.